## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BORDNER, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>AIL HOSPITALITY, LLC d/b/a AIL HOSPITALITY GROUP,<br><br>LUDLOW STREET, LLC d/b/a DAYS INN BY WYNDHAM,<br><br>EASTWOOD DRIVE, INC. d/b/a RAMADA BY WYNDHAM,<br><br>SAMEER AILAWADI,<br><br> and<br><br>MIGUEL GONZALEZ,<br><br>   Defendants. | Case No.: 1:23-cv-33 SPB<br><br>COMPLAINT – CLASS ACTION<br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, ROBERT BORDNER ("Mr. Bordner" or "Named Plaintiff"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, hereby files this Collective and Class Action Complaint ("Complaint") against Defendants AIL HOSPITALITY, LLC d/b/a AIL HOSPITALITY GROUP ("AIL"), LUDLOW STREET, LLC d/b/a DAYS INN BY WYNDHAM ("Ludlow"), EASTWOOD DRIVE, INC. d/b/a RAMADA BY

WYNDHAM ("Eastwood," and collectively with AIL and Ludlow as "Corporate Defendants"), SAMEER AILAWADI, and MIGUEL GONZALEZ ("Mr. Ailawadi" and "Mr. Gonzalez" collectively together as "Individual Defendants," and collectively with Corporate Defendants as "Defendants"), and alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.* ("PWPCL"), as follows:

## NATURE OF CASE

AIL is a hotel ownership and management company, which owns and operates approximately nine (9) hotels throughout Pennsylvania, Maryland, West Virginia, and Ohio, through various wholly owned subsidiaries. Ludlow is a wholly owned subsidiary of AIL and does business in the Commonwealth of Pennsylvania under the fictitious name Days Inn by Wyndham ("Days Inn"). Eastwood is a wholly owned subsidiary of AIL and does business in the Commonwealth of Pennsylvania under the fictitious name Ramada by Wyndham ("Ramada"). Mr. Ailawadi is a Hotelier and the President for Corporate Defendants, and Mr. Gonzalez is a Hotelier and the Vice President of Operations for Corporate Defendants. Defendants employ close to fifty (50) employees throughout approximately four (4) hotels that they own and operate throughout the Commonwealth of Pennsylvania. During their years of

operation in the Commonwealth of Pennsylvania, Defendants have engaged in business practices that have violated the rights of their "covered" and "non-exempt" employees under the FLSA, PMWA, and PWPCL (hereinafter "non-exempt employees") as they relate to their payment and wages. Specifically, Defendants have consistently permitted and/or required their non-exempt employees to work well in excess of forty (40) hours per week in order to meet daily, weekly and monthly, time-sensitive goals established and/or required by Defendants without paying these employees for all hours worked, including both regular wages and proper overtime wages for their work in excess of forty (40) hours per week. As such, Defendants have received unpaid labor from their numerous non-exempt employees each and every day. This lawsuit is therefore brought as (a) a collective action under the FLSA and (b) a class action under Fed. R. Civ. P. 23, the PMWA and PWPCL.

## **PARTIES**

### A.    **Named Plaintiff**

***Robert Bordner***

1.    Mr. Bordner is a non-exempt employee of Defendants, currently working as a Maintenance Technician for Defendants at the Days Inn hotel located at 210 Ludlow Street, Warren, Pennsylvania ("Days Inn - Warren"). Mr. Bordner is a resident of the Commonwealth of Pennsylvania, residing in Warren County,

Pennsylvania. Mr. Bordner's Consent to Become a Part Plaintiff necessary for the collective action aspect of this lawsuit is attached to this Complaint as **Exhibit A**.

2.    At all times relevant to this Complaint, Mr. Bordner, and all other similarly situated non-exempt employees, were "employees" of Defendants for purposes of the FLSA, PMWA, and PWPCL, and were individual employees engaged in commerce as required by the FLSA 29 U.S.C. §§ 206 and 207.

### B.    Corporate Defendants

*AIL Hospitality, LLC*

3.    AIL is a limited liability company established under the laws of the State of Maryland, with its principal place of business located at 3 Research Court, Rockville, Montgomery County, Maryland.

4.    AIL is the parent company of numerous wholly owned subsidiaries, including Ludlow and Eastwood.

*Ludlow Street, LLC*

5.    Ludlow is a limited liability company established under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 210 Ludlow Street, Warren, Warren County, Pennsylvania.

6.    Ludlow is a wholly owned subsidiary of AIL, and at all times relevant to this litigation, did business as and operated the Days Inn - Warren.

***Eastwood Drive, Inc.***

7.    Eastwood is a domestic business corporation established under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 210 Ludlow Street, Warren, Warren County, Pennsylvania.

8.    Eastwood is a wholly owned subsidiary of AIL, and at all times relevant to this litigation, did business as and operated Ramada hotels located at 45 Holiday Inn Road, Clarion, Pennsylvania ("Ramada – Clarion"), 7195 Eastwood Drive, Beaver Falls, Pennsylvania ("Ramada – Beaver Falls"), and 1395 Wayne Avenue, Indiana, Pennsylvania ("Ramada – Indiana").

9.    At all times relevant to this action, Corporate Defendants were each an "employer" as defined by the FLSA, PMWA and PWPCL.

10.    At all times relevant to this action, Corporate Defendants each acted as the employer of Mr. Bordner, and all other similarly situated non-exempt employees.

11.    At all times relevant to this Complaint, Corporate Defendants each have been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

12.    At all times relevant to this Complaint, Corporate Defendants each have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because they have engaged employees in commerce.  29 U.S.C. § 203(s)(1).

13.    Corporate Defendants each have had, and continue to have, an annual gross income of sales made, or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

### C.    Individual Defendants

*Sameer Ailawadi*

14.    Mr. Ailawadi, upon information and belief, is the President of Corporate Defendants, has an ownership interest in each of the Corporate Defendants, is employed or otherwise engaged in a managerial capacity with each of the Corporate Defendants, and is a resident of the State of Maryland.

15.    At all times relevant to this Complaint, Mr. Ailawadi has been an employer within the meaning of the FLSA and the wage and hour laws in the Commonwealth of Pennsylvania as asserted in this lawsuit.

16.    At all times relevant to this action, Mr. Ailawadi acted as the employer of each of the Named Plaintiffs.

*Miguel Gonzalez*

17.    Mr. Gonzalez, upon information and belief, is the Vice President of Operations for Corporate Defendants, is employed or otherwise engaged in a managerial capacity with each of the Corporate Defendants, and is a resident of the State of Maryland.

18.    At all times relevant to this Complaint, Mr. Gonzalez has been an employer within the meaning of the FLSA and the wage and hour laws in the Commonwealth of Pennsylvania as asserted in this lawsuit.

19.    At all times relevant to this action, Mr. Gonzalez acted as the employer of each of the Named Plaintiffs.

## JURISDICTION AND VENUE

20.    The FLSA authorizes court actions by private parties to recover damages for violations of its wage/hour provisions.  Subject matter jurisdiction over Named Plaintiff's claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

21.    The PMWA and PWPCL each provide for a private right of action to enforce their provisions.  This Court has supplemental jurisdiction over Pennsylvania state law claims, pursuant to 28 U.S.C. § 1367, because they are so intertwined with Plaintiffs' federal claims as to form part of the same case and controversy.

22.    Venue is proper in this District pursuant to 28 U.S.C § 1391(b).  The unlawful employment practices complained of *infra* took place within this District and a substantial part of the events and omissions giving rise to Named Plaintiff's claims occurred in this District.  Further, Defendants regularly transact substantial business within this District and are residents of this District.

## FACTUAL ALLEGATIONS

### *Violations of the FLSA, PMWA and PWPCL*

23.    Named Plaintiff is employed by Defendants as a Maintenance Technician at the Days Inn - Warren.

24.    Defendants have failed to compensate Named Plaintiff for all hours worked, including both regular/straight time hours up to and including forty (40) hours in a given workweek and overtime hours for hours worked in excess of forty (40) hours in a given workweek, in violation of the FLSA, PMWA and PWPCL.

25.    Named Plaintiff has been required and/or permitted to work in excess of forty (40) hours per workweek without being paid proper overtime wages pursuant to the FLSA and PMWA, and as such, has not been compensated lawfully for all hours worked over forty (40) hours in a given workweek as required by the FLSA, PMWA and PWPCL.

26.    Throughout Named Plaintiff's employment, Defendants have had, and continue to have, a policy and practice of not correctly compensating their non-exempt employees, to wit:

a. non-exempt employees are hired and compensated to work a minimum forty (40) hour workweek at a designated hourly rate of pay for all services provided, payable on a bi-weekly basis;

b.  non-exempt employees, however, are not compensated for all hours worked, including both straight time hours and proper overtime wages for all hours worked in excess of forty (40) hours in a workweek beyond their designated hourly rate of pay;

c.  it is common for non-exempt employees to be permitted and/or required to work well in excess of forty-five (40) hours each workweek without being compensated for all hours worked, including both straight time hours and payment at the proper overtime rate for hours worked in excess of forty (40) hours per workweek.

## NAMED PLAINTIFF'S EXPERIENCE AS A NON-EXEMPT EMPLOYEE

*Robert Bordner*

27.    Mr. Bordner was hired as a Maintenance Technician by Defendants on or about June 24, 2022, at an hourly pay rate of thirteen dollars ($13.00) per hour.

28.    Mr. Bordner's employment as a Maintenance Technician makes him a non-exempt employee for purposes of this litigation.

29.    Throughout Mr. Bordner's employment with Defendants as a Maintenance Technician, he has not been paid properly for all of his hours worked, including both straight time wages and proper overtime wages for all hours worked

in excess of forty (40) hours in a workweek beyond his designated hourly rate of pay.

30.     Specifically, although Mr. Bordner routinely worked, and continues to work, between ten (10) and twelve (12) hours every day at the Days Inn – Warren, often being required to stay overnight on the premises to meet his daily, weekly and monthly, time-sensitive goals required by Defendants, his bi-weekly paycheck does not reflect an amount commensurate with the number of hours he worked during this period.

31.     Moreover, Mr. Bordner has learned that Defendants have willfully altered their payroll records, including his hours worked and related timesheets, by instructing their management to intentionally suppress his compensable hours, thus resulting in unpaid labor for these missing hours, including those for straight time and overtime.

32.     In addition to his own hours being suppressed, Mr. Bordner has firsthand knowledge that Defendants' management intentionally suppressed the compensable hours of other similarly situated non-exempt employees, including his wife who is a housekeeper for Defendants at the Days Inn – Warren.

33.     Due to the fact that Defendants operate as a single entity for purposes of the wage and hour allegations as set forth below, the management responsible for this unlawful payroll practice at Days Inn – Warren has also subjected other similarly

situated employees at Ramada – Clarion, Ramada – Beaver Falls, and Ramada – Indiana to the same unlawful payroll practice.

## **JOINT-EMPLOYMENT ALLEGATIONS**

34.     At all times relevant to this Complaint, AIL operated as the parent company of Ludlow and Eastwood, and Ludlow and Eastwood were wholly-owned subsidiaries of AIL.

35.     The corporate executives of AIL, Ludlow, and Eastwood are intertwined and overlap to ensure the consistency required and necessary to operate their hotel ownership and management interests.

36.     At all times relevant to this Complaint, AIL, Ludlow, and Eastwood jointly employed Named Plaintiff, and all other similarly situated, non-exempt employees, evidenced by their shared involvement in the terms of their employment and treatment.

37.     At all times relevant to this Complaint, AIL, Ludlow, and Eastwood operated as a single entity for purposes of the wage and hour allegations set forth herein, having the effect of the unlawful conduct of AIL, Ludlow, and/or Eastwood be imputed to the other, therefore satisfying the applicable standards of joint employers within the meaning of the FLSA and PMWA.

38.     At all times relevant to this Complaint, AIL, Ludlow, and Eastwood consolidated their decision making with regard to the wage and hour allegations set for herein, and collectively controlled and implemented policies that resulted in a failure to pay wages in violation of the FLSA, PMWA, and PWPCL.

39.     At all times relevant to this Complaint, the consolidated decision-making of Corporate Defendants with regard to the wage and hour allegations set for herein was implemented, managed, and controlled by Mr. Ailawadi and/or Mr. Gonzalez.

40.     Accordingly, AIL, Ludlow, and Eastwood as Corporate Defendant engaged in joint employment practices, along  with Mr. Ailawadi and Mr. Gonzalez as Individual Defendants, with regard to Named Plaintiff, and all other similarly situated non-exempt employees.

## COLLECTIVE ACTION ALLEGATIONS UNDER FLSA

41.     Defendants engaged in systemic wage and hour violations against their non-exempt employees.  Defendants have caused, contributed to, and perpetuated unpaid wages through common policies, practices, and procedures, including but not limited to common compensation and centralized decision making.

42.     Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs alleging common policies, practices, and procedures resulting in unpaid wages earned by non-exempt employees in Defendants' business locations.

43.     Named Plaintiff brings Count I for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all members of the FLSA Collective Action Class ("FLSA Collective Action Class").  The FLSA Collective Action Class is defined as follows:

> All individuals who are or have been employed by Defendants as non-exempt employees from three (3) years prior to the filing date of this Complaint up until this FLSA Collective Action Class is finally certified by the Court, who have not been properly compensated and paid wages for all hours worked, including both straight time and proper overtime wages for their work in excess of forty (40) hours per week.

44.     Named Plaintiff seeks to represent all non-exempt employees, as described above, on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record and/or pay for, all hours worked, including both straight time and overtime compensation.  Defendants willfully violated the FLSA through their failure to properly pay Named Plaintiff and the FLSA Collection Action Class for all hours they have worked.  In particular, Named Plaintiff and the FLSA Collective Action Class were often required or permitted to work in excess of forty (40) hours per week, and in such cases Defendant did not

pay Named Plaintiff and the FLSA Collection Action Class additional compensation of, at least, the legally mandated rate. Defendants' non-exempt employees do not fall into any of the categorical exemptions from overtime pay obligations. Defendants knew and have been aware at all times that Named Plaintiff and the FLSA Collection Action Class regularly worked in excess of forty (40) hours per week, and yet failed to properly compensate them for all hours worked, including their straight time and proper overtime wages.

45.    The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

46.    Questions of law and fact common to Named Plaintiff and the FLSA Collective Action Class include but are not limited to the following:

    a.  Whether Defendants unlawfully failed, and continue to unlawfully fail, to properly compensate non-exempt employees for all work performed;

    b.  Whether Defendants' policy, practice, or procedure of failing to properly compensate non-exempt employees for all work performed violates the applicable provisions of the FLSA; and

    c.  Whether Defendants' failure to properly compensate non-exempt employees for all work performed was willful within the meaning of the FLSA.

47.     Named Plaintiff's FLSA claim may be maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) because Named Plaintiff is similarly situated to the other non-exempt employees described in the FLSA Collective Action Class.  Named Plaintiff's claims are similar to the claims asserted by the FLSA Collective Action Class.

48.     Named Plaintiff and the FLSA Collective Action Class are (a) similarly situated; and (b) are subject to Defendants' common compensation policies, practices and procedures and centralized decision-making resulting in unpaid wages for all work performed.

## CLASS ACTION ALLEGATIONS UNDER THE PMWA AND PWPCL

49.     Named Plaintiff brings Count II for violations of the PMWA and Count III for violations of the PWPCL as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all members of the State Class ("State Class").  The State Class is defined as follows:

> All individuals who are or have been employed by Defendants as non-exempt employees in the Commonwealth of Pennsylvania from three (3) years prior to the filing date of this Complaint up until this State Class is finally certified by the Court, who have not been being properly compensated and paid wages for all hours worked, including proper straight time wages and overtime wages for their work in excess of forty (40) hours per week.

50.    Named Plaintiff seeks to represent all of Defendants' non-exempt employees who worked in the Commonwealth of Pennsylvania, as described above, on a class basis challenging, among other PMWA and PWPCL violations, Defendants' practice of failing to accurately record, and pay for, all hours worked, including both straight time and overtime compensation.  Defendants willfully violated the PMWA and PWPCL through their failure to properly pay Named Plaintiff and the State Class for all hours they have worked.   In particular, Named Plaintiff and the State Class often worked in excess of forty (40) hours per week, and in such cases Defendants did not pay Named Plaintiff and the State Class additional compensation of, at least, the legally mandated rate.   Specifically, Defendants knew and have been aware at all times that Named Plaintiff and the State Class regularly worked in excess of forty (40) hours per week, and yet failed to properly compensate them for all hours worked, including their proper overtime wages.

51.    The State Class as defined above is identifiable.  Named Plaintiff is a member of the State Class.

52.    The State Class, upon information and belief, consists of dozens of individuals, both current and former employees of Defendants, and is thus so numerous that joinder of all members is impracticable.

53.    Furthermore, members of the State Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

54.    There are questions of law and fact which are not only common to the State Class, but which predominate over any questions affecting only individual members of the State Class.  The predominating common questions include, but are not limited to:

    a.    Whether Defendants failed, and continue to fail, to pay their non-exempt employees for all hours worked, including both straight time wages and overtime wages for all hours worked in excess of forty (40) hours per workweek;

    b.    Whether Defendants' failure to pay their non-exempt employees for all hours worked violates the PMWA;

    c.    Whether Defendants acted willfully, intentionally, and maliciously in failing to pay their non-exempt employees for all hours worked;

    d.    Whether Defendants' failure to timely and fully pay employees all wages owed violates the PWPCL; and

    e.    Whether Defendants' failure to pay employees all wages owed upon termination violates the PWPCL.

55.    The prosecution of the separate actions by individual members of the State Class would create a risk of establishing incompatible standards of conduct for Defendants, within the meaning of Fed. R. Civ. P. 23 (b)(1)(A).

56.    The claims of Named Plaintiff are typical of the claims of each member of the State Class, within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of identical facts constituting the wrongful conduct of Defendants.

57.    Named Plaintiff will fairly and adequately protect the interests of the State Class.  Named Plaintiff has retained counsel experienced and competent in class actions and complex employment litigation.

58.    Named Plaintiff has no conflict of interest with the State Class.

59.    Named Plaintiff is able to represent and protect the interest of the members of the State Class fairly and adequately.

60.    The common questions of law and fact enumerated above predominate over questions affecting only individual members of the State Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Fed. R. Civ. P. 23(b)(3).  The likelihood that individual members of the State Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

61.    There are no unusual difficulties in the management of this case as a class action.

62.     The books and records of Defendants are material to Named Plaintiff's case as they disclose the rate of pay, hours worked, and wages paid to members of the State Class.

## COUNT I

### (INVIDUAL AND COLLECTIVE ACTION CLAIMS)

### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FLSA"), 29 U.S.C. §§ 201, *ET SEQ.* FAILURE TO PAY OVERTIME WAGES (Named Plaintiff and FLSA Collective Action Class v. All Defendants)

63.     Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

64.     This Count is brought on behalf of Named Plaintiff and all members of the FLSA Collective Action Class against Defendants.

65.     At all times material herein, Named Plaintiff and members of the FLSA Collective Action Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

66.     Named Plaintiff and members of the FLSA Collective Action Class are "employees" covered by the FLSA, and Defendants are each their "employer." Defendants, as the employers of Named Plaintiff and members of the FLSA Collective Action Class, were and are obligated to pay Named Plaintiff and members of the FLSA Collective Action Class for all hours worked, including overtime at one

and one-half (1½) times their hourly rate, based on their regular rate of pay, for all hours worked over forty (40) hours in a workweek.

67.   The FLSA regulates, among other things, the payment of minimum wage and overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

68.   Defendants are subject to the pay requirements of the FLSA, including its minimum wage and overtime requirements, because they are an enterprise engaged in interstate commerce with customers in numerous states, and their employees are engaged in commerce.

69.   Defendants violated the FLSA by failing to pay Named Plaintiff and those employees similarly situated for all hours worked, including both straight time and overtime hours.

70.   Section 213 of the FLSA, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Named Plaintiff or members of the FLSA Collective Action Class.

71.    Named Plaintiff and members of the FLSA Collective Action Class are victims of a uniform compensation policy.  Based on information and belief, Defendants are applying the same unlawful compensation policy to all of their non-exempt employees.

72.    Named Plaintiff and members of the FLSA Collective Action Class are entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was prohibited by the FLSA.

73.    Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Named Plaintiff and members of the FLSA Collective Action Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid pay permitted by 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendants did not act willfully, Named Plaintiff and members of the FLSA Collective Action Class are entitled to an award of prejudgment interest at the applicable legal rate.

74.    As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Named Plaintiff and members of the FLSA Collective Action Class.

21

Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

75.    As a result of Defendants' unlawful conduct, Named Plaintiff and the members of the FLSA Collective Action Class suffered and will continue to suffer harm, including, but not limited to, lost earnings, lost benefits, lost future employment opportunities, and other financial losses, as well non-economic damages.

76.    Named Plaintiff and the FLSA Collective Action Class are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF ON COUNT I

WHEREFORE, Named Plaintiff, ROBERT BORDNER, on behalf of himself and the FLSA Collective Action Class, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, AIL HOSPITALITY, LLC d/b/a AIL HOSPITALITY GROUP, LUDLOW STREET, LLC d/b/a DAYS INN BY WYNDHAM, EASTWOOD DRIVE, INC. d/b/a RAMADA BY

WYNDHAM, SAMEER AILAWADI, and MR. GONZALEZ, jointly and severally, as follows:

A.    Designate this action as a collective action and class action on behalf of the proposed FLSA Collective Action Class and

      a.    Promptly issue notice pursuant to 29 U.S.C § 216(b) to all similarly-situated members of the FLSA Collective Action Class, which (a) apprises them of the pendency of this action, and (b) permits them to assert timely Fair Labor Standard Act claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

      b.    Toll the statute of limitations on the claims of all members of the FLSA Collective Action Class from the date the original complaint was filed until the members of the FLSA Collective Action Class are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt-in as Plaintiffs;

B.    Designate Named Plaintiff, Mr. Bordner, as representative of the FLSA Collective Action Class;

C.    Designate Named Plaintiff's chosen counsel as counsel for the FLSA Collective Action Class;

D.    Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the FLSA;

E.    Award back pay to Named Plaintiff and the members of the FLSA Collective Action Class, including a sum to compensate Named Plaintiff and the members of the FLSA Collective Action Class for any increased tax liability on a lump-sum award of back pay;

F.    Award liquidated damages to Named Plaintiff and the members of the FLSA Collective Action Class in the maximum amount available under the FLSA;

G.    Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the FLSA Collective Action Class;

H.    Award Named Plaintiff and the members of the FLSA Collective Action Class pre-judgment and post-judgment interest available under the FLSA;

I.    Award Named Plaintiff and the members of the FLSA Collective Action Class any other appropriate equitable relief; and

J.    Award any additional relief that this Court deems just and proper.

## COUNT II

**(INVIDUAL AND CLASS ACTION CLAIMS)**

**VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT OF 1968 ("PMWA"), 43 P.S. §§ 333.101, *ET SEQ.***
**FAILURE TO PAY WAGES, INCLUDING OVERTIME WAGES**
**(Named Plaintiff and State Class v. All Defendants)**

77.    Named Plaintiff re-alleges and incorporate by reference each and every allegation in the previous paragraphs as though fully set forth herein.

78.    Defendants are each an "employer" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and are thereby subject to liability for unpaid wages, including straight time and overtime wages and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101 *et seq.*

79.    Section 333.105 of the PMWA exempts certain categories of employees from minimum wage and/or overtime pay obligations.  None of the PMWA exemptions apply to Named Plaintiff or members of the State Class.

80.     Named Plaintiff and members of the State Class are victims of a uniform compensation policy.  On information and belief, Defendants are applying the same unlawful compensation policy to all of their non-exempt employees.

81.     Defendants violated the wage provisions of the PMWA, including its overtime provisions, as they failed to pay Named Plaintiff and members of the State Class for all hours worked, including both straight time and the required one and one-half times (1½) times for each hour worked in excess of forty (40) hours in a workweek, in violation of 43 Pa.C.S. § 333.104(c).

82.     The PMWA requires that Defendants compensate Named Plaintiff and members of the State Class for all hours worked, and at a rate of at least one and one-half (1½) times their usual hourly wage for each hour of overtime.  43 Pa.C.S. § 333.104(c).

83.     The total amount of compensation due to Named Plaintiff and members of the State Class by Defendants constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

84.     Defendants' failure and refusal to pay wages was willful, intentional, and not in good faith.

85.    Defendants further violated the PMWA by failing to record and pay for all hours worked, including but not limited to overtime.   In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by their employees.

86.    Named Plaintiff and the State Class are entitled to all legal and equitable remedies available for violations of the PMWA, including, but not limited to, back pay, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PMWA.

<u>**PRAYER FOR RELIEF ON COUNT II**</u>

WHEREFORE, Named Plaintiff, ROBERT BORDNER, on behalf of himself and the State Class, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, AIL HOSPITALITY, LLC d/b/a AIL HOSPITALITY GROUP, LUDLOW STREET, LLC d/b/a DAYS INN BY WYNDHAM, EASTWOOD DRIVE, INC. d/b/a RAMADA BY WYNDHAM, SAMEER AILAWADI, and MR. GONZALEZ, jointly and severally, as follows:

(A)    Certify Count II as a class action;

(B)    Enter judgment in favor of Named Plaintiff and all members of the State Class and against Defendants, jointly and severally, for violations of the PMWA;

26

(C)    Award Named Plaintiff and all members of the State Class their unpaid wages during the applicable statute of limitations period, in an amount to be shown at trial;

(E)    Award Named Plaintiff and all members of the State Class pre- and post-judgment interest at the legal rate;

(F)    Award Named Plaintiff and all members of the State Class their costs and reasonable attorneys' fees in bringing this action;

(G)    Enter an Order enjoining Defendants from future violations of the wage provisions of the PMWA; and

(H)    Award Named Plaintiff and all members of the State Class any other relief this Court or a jury deems appropriate.

## COUNT III

### (INVIDUAL AND CLASS ACTION CLAIMS)

### VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW ("PWPCL"), 43 P.S. §§ 260.1, *ET SEQ.* FAILURE TO PAY WAGES
### (Named Plaintiff and State Class v. All Defendants)

87.    Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

88.     Defendants are each an "employer" as that term is defined under the PWPCL, and are thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of salary and/or wages under the PWPCL, 43 Pa.C.S. § 260.1, *et seq*.

89.     Defendants entered into a contract with Named Plaintiff and members of the State Class to compensate each individual for the hours they worked on behalf of Defendants.

90.     Named Plaintiff and members of the State Class are entitled to be paid their regular rate of pay for all hours worked up to and including forty (40) hours in a workweek, and one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, as provided by, *inter alia*, 29 U.S.C. § 207(a).  The failure to pay said wages constitutes a violation of 29 U.S.C. § 215(a)(2).

91.     Defendants have failed to pay Named Plaintiff and members of the State Class for all hours worked, including the required one and one-half times (1½) times for each hour worked in excess of forty (40) hours in a workweek, in violation of Defendants' contract with each employee, the FLSA and PMWA.  Defendants have, therefore, failed to regularly pay Named Plaintiff and members of the State Class for all earned wages from the date they were first employed, through and including the present, in violation of the PWPCL.

92.    Accordingly, wages in the form of straight time and overtime pay are due and owing to Named Plaintiff and members of the State Class pursuant to Section 260.3(a) of the PWPCL.

93.    Defendants further violated the PWPCL through their failure to pay the Named Plaintiff and members of the State Class all wages due for work they performed upon their termination of employment pursuant to Section 260.5(a) of the PWPCL.

94.    Defendants further violated the PWPCL by failing to record and pay for all hours worked, including but not limited to overtime.

95.    The total amount due to Named Plaintiff and members of the State Class by Defendants constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

96.    In accordance with Section 260.10 of the PWPCL, by reason of Defendants' actions, Named Plaintiff and members of the State Class are entitled to liquidated damages in an amount equal to the greater of twenty-five percent (25%) of the wages due or $500, in addition to all wages due.

97.    In accordance with Section 260.9a of the PWPCL, by reason of Defendants' actions, Named Plaintiff and members of the State Class are entitled to reasonable attorneys' fees and costs associated with this action.

98.    The wages withheld from Named Plaintiff and members of the State Class were not the result of any bona fide dispute.

99.    Named Plaintiff and the State Class are entitled to all legal and equitable remedies available for violations of the PWPCL, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PWPCL.

### **PRAYER FOR RELIEF ON COUNT III**

WHEREFORE, Named Plaintiff, ROBERT BORDNER, on behalf of himself and the State Class, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, AIL HOSPITALITY, LLC d/b/a AIL HOSPITALITY GROUP, LUDLOW STREET, LLC d/b/a DAYS INN BY WYNDHAM, EASTWOOD DRIVE, INC. d/b/a RAMADA BY WYNDHAM, SAMEER AILAWADI, and MR. GONZALEZ, jointly and severally, as follows:

(A)    Certify Count III as a class action;

(B)    Enter judgment in favor of Named Plaintiff and all State Class members and against Defendants, jointly and severally, for failing to pay wages in violation of the PWPCL;

(C)   Award Named Plaintiff and each State Class member liquidated damages in an amount equal to twenty-five percent (25%) of the wages due or $500, whichever is greater, in addition to all wages due, in an amount to be shown at trial;

(D)   Award Named Plaintiff and all State Class members pre- and post-judgment interest at the legal rate;

(E)   Award Named Plaintiff and all State Class members their costs and reasonable attorneys' fees in bringing this action;

(F)   Enter an Order enjoining Defendants from future violations of the wage provisions of the PWPCL; and

(G)   Award Named Plaintiff and all State Class members any other relief this Court or a jury deems appropriate.

## <u>JURY DEMAND</u>

Named Plaintiff and all members of the FLSA Collective Action Class and State Class demand a trial by jury on all issues triable to a jury as a matter of right.

Respectfully submitted,

**WEISBERG CUMMINGS P.C.**

Dated: <u>February 14, 2023</u>

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*